UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00119-KDB-DCK

| | |
|---|---|
| WILLIAM T. JARVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| TRAVIS WARD, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 6]. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

**I.  BACKGROUND**

Pro se Plaintiff William T. Jarvis ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 on August 1, 2023, against Defendant Iredell County Detention Center (the "Jail") and eleven individual Defendants, including Travis Ward, Jail Lieutenant; John Grant, Jail Lieutenant; Matthew Osborne, Jail Lieutenant; Markeese Trammel, Correctional Officer; Beverly Morrison, Jail Major; Richard Adams, Jail Captain; Eric Seene, Jail Captain; Maria Steele, Jail Lieutenant; David Southern, Deputy Sheriff; Derrick Stutts, Warrant Officer; and Nathan Rash, Iredell County Sheriff's Office Detective. [Doc. 1 at 1-10]. Plaintiff sued the individual Defendants in their official capacities only. [See id.].

On August 28, 2023, Plaintiff's Complaint failed initial review and the Court allowed Plaintiff 30 days to file an amended Complaint to properly state a claim for relief. [Doc. 5]. In so finding, the Court explained, among other things, that Plaintiff may not assert unrelated claims

against unrelated defendants in a single action. [Id. at 4-5].

On October 5, 2023, Plaintiff filed an untimely Amended Complaint.[1] [See Doc. 6]. Plaintiff purports to bring his Amended Complaint pursuant to Bivens[2] and 42 U.S.C. § 1983 against 17 individual Defendants, including various law enforcement officers and several family members, among others. [Id. at 1-3, 14-15]. Plaintiff's Amended Complaint is so meandering, nonsensical, and plainly delusional as to be unamenable to meaningful summary. [See id. at 7-13]. For instance, Plaintiff alleges that several Defendants used "covert listening devices," including "the cameras they installed in [his] eyes + the listening devices that [were] also put in [his] ear that are powered by bioelectricity or inductive charging + batteries." [Id. at 8]. Plaintiff further complains that "they … make porographic films that they have admitted to selling on line," that Defendant Mary Jarvis "fake[d] her own death because she didn't want to go to prison," and "[t]hey have hired numerous people to kill [him]." [Id. at 8-9 (errors uncorrected)].

Plaintiff does not allege what constitutional rights he contends have been violated or separately identify his alleged injuries. [See id. at 3, 5]. For relief, Plaintiff seeks monetary relief, including punitive damages. [Id. at 5].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under

---

[1] Rather than require Plaintiff to file a new action, the Court will review Plaintiff's Amended Complaint. See 28 U.S.C. §§ 1915(e) and 1915A.

[2] A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).

§ 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Amended Complaint fails initial review. Plaintiff's allegations are so meandering and nonsensical that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). While Plaintiff purports to bring this suit under 42 U.S.C. § 1983 and Bivens, his allegations do not implicate Bivens in any regard. Moreover, Plaintiff again purports to assert unrelated claims against unrelated defendants in a single action, which the Court warned him he could not do. As such, Plaintiff has failed to state a claim for relief in his Amended Complaint.

The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint and he has again failed to state a claim for relief. See <u>Green v. Wells Fargo Bank, N.A.</u>, 790 Fed. App'x 535, 536 (4th Cir. 2020). The Court need not allow another round of amendment where such would be futile.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 6] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action and mail Plaintiff a copy of this Order by certified mail in accordance with Docket No. 8.

Signed: October 9, 2023

Kenneth D. Bell
United States District Judge